1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11  JOSEPH CARL STANLEY,

12          Petitioner

13      v.

14  LEROY D. BACA,

15          Respondent.

16

Case No. 2:12-cv-09569-JAK (GJS)

**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

17          Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative 28 U.S.C. §

18  2254 petition (Dkt. 98, "Petition") and all relevant pleadings, motions, and other

19  documents filed in this action, the Report and Recommendation of United States

20  Magistrate Judge (Dkt. 149, "Report"), and Petitioner's Objections to the Report

21  (Dkt. 156).  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the

22  Court has conducted a de novo review of those portions of the Report to which

23  objections have been stated.

24          The Petition raises two habeas claims:  the first asserts that Petitioner's rights

25  under the Double Jeopardy Clause were violated by his trial and conviction

26  following an earlier mistrial declaration. The second asserts that the evidence was

27  insufficient to support Petitioner's convictions.  The Report concluded that federal

28  habeas relief was not warranted based on either claim.

Petitioner's Objections are not directed to these findings or analysis in the Report.  Rather, Petitioner objects to the earlier portion of the Report in which the United States Magistrate Judge concluded that an argument set forth in Petitioner's Reply to the Answer to the Petition constituted an attempt belatedly to raise a new claim.  The Report found that the argument in question – that Petitioner was entitled to habeas relief because the state court impermissibly created and retroactively applied to him "a new interpretation of constitutional law" in violation of "clearly established federal law barring retroactive application of new constitutional rules or procedure" – constituted a new claim based on federal due process and criminal procedure retroactivity principles that had not been raised in the Petition and was unexhausted.  The Magistrate Judge declined to consider the new claim, noting, *inter alia*, this case was stayed for a year and a half to allow Petitioner to exhaust his sufficiency of the evidence claim and that his counsel could have exhausted this additional retroactivity claim during that period as well, had he wished to do so. (*See* Report at 23-28.)

In his Objections, Petitioner does not dispute that his retroactivity argument was asserted for the first time in his Reply, and that it is unexhausted.  He asserts that, nonetheless, there is "no reason" not to consider this belatedly-asserted claim, which he characterizes as a mere "argument" rather than a claim.  Petitioner reasons that 28 U.S.C. § 2254(d)(1) "requires no nexus between the constitutional provision that grounds the claim" and the means by which the state court is alleged to have unreasonably adjudicated it.  This argument ignores the clearly established federal law requirement of Section 2254(d)(1), as well as both the exhaustion requirement for granting federal habeas relief and the long established case law precluding the assertion of a new claim based on a new federal constitutional provision in a Reply. The Court does not find this first Objection to be appropriate procedurally and concludes that the Magistrate Judge did not err in declining to consider the unexhausted retroactivity "argument" first asserted in the Reply.

Petitioner next asserts that his belatedly-asserted retroactivity "argument" should have received independent consideration under 28 U.S.C. § 2254(d)(2).  He argues that, because the state court's allegedly improper retroactive application of new law to assess his trial counsel's conduct constituted a defective factfinding process, it was an unreasonable determination of fact within the meaning of Section 2254(d)(2). He faults the Magistrate Judge for failing to consider this argument. The Court is not persuaded that the legal error asserted – that federal due process and retroactivity principles were violated by the state court's finding that trial counsel impliedly consented to mistrial – properly can be assessed within the framework of whether an erroneous *factual* determination occurred within the meaning of Section 2254(d)(2).  But even if it could be, any such claim remains unexhausted and improperly raised for the first time in Petitioner's Reply, a defect that Petitioner seeks to ignore.  Petitioner's second Objection does not establish any error.

Petitioner's assertions and arguments have been reviewed carefully.  The Court concludes that nothing set forth in the Objections or otherwise in the record in this case affects or alters, or calls into question, the findings and analysis set forth in the Report.  Having completed its review, the Court accepts the findings and recommendations set forth in the Report.

Accordingly, **IT IS ORDERED** that: (1) the Petition is **DENIED**; and (2) Judgment shall be entered dismissing this action with prejudice.

**JUDGMENT SHALL BE ENTERED.**

DATED:  April 14, 2021

_____
John A. Kronstadt
United States District Judge

3